UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hoffman Weber Construction, Inc.,  Civ. No. 15-3278 (PAM/SER)

        Plaintiff,

v.  **MEMORANDUM AND ORDER**

Owners Insurance Company,

        Defendant.

---

This matter is before the Court on Defendant Owners Insurance Company's[1] Motion to Dismiss. For the reasons that follow, the Motion is denied without prejudice.

**BACKGROUND**

Plaintiff Hoffman Weber Construction is the assignee of Pondview Townhouse Association, which was insured by Defendant Owners Insurance Company. The Amended Complaint avers that "[w]hile the insurance policy was in full force and effect, [Pondview] sustained direct physical loss to the insured premises." (Am. Compl. ¶ 9.) Pondview engaged Hoffman Weber's services to repair the damage. Although Owners has paid part of Hoffman Weber's invoices for the repairs, the parties disagree about whether Owners is obligated to pay Hoffman Weber for overhead, profit, and miscellaneous other items. (Id. ¶ 17.) The Complaint raises a claim for breach of contract.

---

[1] The Complaint named as Defendant Auto-Owners Insurance Company, but the actual insurer is Auto-Owners' sister company, Owners Insurance Company. Although Plaintiff did not move to amend its Complaint, Plaintiff filed an Amended Complaint along with its opposition to the Motion to Dismiss. At the hearing, the Court granted Plaintiff leave to file the Amended Complaint, and Plaintiff did so later that day. (Docket No. 17.)

There is no dispute that the policy requires that any lawsuit regarding coverage be brought "within two years after the date on which the direct physical loss or damage occurred." (Alton Aff. Ex. 1 att 11 ¶ E.4.) The Complaint noted that the date of loss was August 21, 2013. (Compl. (Docket No. 1) ¶ 9.) According to Owners, however, the Proof of Loss Pondview submitted to Owners gives the loss date as August 6, 2013. (Alton Aff. Ex. 6 (Docket No. 10-1 at 43).) Hoffman Weber filed this lawsuit on August 14, 2015.

**DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the non-moving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

Hoffman Weber contends that dismissal is not warranted because a dismissal requires that the statute of limitations defense be apparent on the face of the complaint. Hoffman Weber asks the Court to ignore the documents Owners submitted and look only at the

Amended Complaint's allegations, which are that the loss was during the policy period. Hoffman Weber also points to correspondence from Owners that listed the loss date as August 21, 2013, and argues that estoppel may be appropriate to prevent Owners from claiming a different loss date.

Owners' responsive arguments are more appropriate for a summary-judgment memorandum than a motion to dismiss. The Court is not free to disregard the allegations in the Complaint, nor is the Court in a position to evaluate whether the application of estoppel might be appropriate. Owners claims that Hoffman Weber cannot establish that it reasonably relied on the date of loss the insurer listed in correspondence because it knew that the date of loss was actually different. But this is not a fact that the Court can determine on a motion to dismiss.

**CONCLUSION**

The allegations in the Amended Complaint state a claim on which relief can be granted. Although the Court has serious doubts about whether Hoffman Weber will ultimately succeed in establishing that its lawsuit was timely filed, at this early stage of the litigation, Hoffman Weber has alleged enough to continue pressing its claim.

Accordingly, **IT IS HEREBY ORDERED that** the Motion to Dismiss (Docket No. 7) is **DENIED without prejudice**.

Dated: November 23, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge